## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

TONY BARBER,

      Petitioner,

vs.                            Case No. 4:09cv453-RH/CAS

KENNETH S. TUCKER,[1]

      Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

Before the Court is an amended petition for writ of habeas corpus filed by

Petitioner Tony Barber pursuant to 28 U.S.C. § 2254.   Doc. 8.   Respondent filed a

detailed answer, submitting relevant portions of the state court record.   Doc. 31.

Petitioner has not filed a reply, although given the opportunity to do so.   The matter is

referred to the undersigned magistrate judge for report and recommendation pursuant to

28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful

consideration of all issues raised by Petitioner, the undersigned has determined that no

evidentiary hearing is required for the disposition of this matter.   Rule 8(a), Rules

Governing § 2254 Cases in U.S. Dist. Cts.   The pleadings and attachments before the

Court show that Petitioner is not entitled to relief and the amended petition should be

denied.

---

[1] Kenneth S. Tucker succeeded Edwin G. Buss as Secretary of the Florida Department of Corrections and is automatically substituted as the Respondent.   Fed. R. Civ. P. 25(d).

**Procedural History**

On November 24, 2009, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Doc. 1.   On February 19, 2010, this Court ordered Petitioner to file an amended petition, using the § 2254 form.   Doc. 7.   Accordingly, on March 18, 2010, Petitioner filed an amended § 2254 petition, in which he challenged the judgment and sentence imposed by the Second Judicial Circuit in Gadsden County on June 28, 2007, following his entry of an open nolo contendere plea to charges of sale of a controlled substance and possession of a controlled substance.   Doc. 8.   Petitioner raises three grounds alleging ineffective assistance of trial counsel.   By order dated September 22, 2010, this Court required Respondent to file an answer, motion, or other response to the amended § 2254 petition.   Doc. 14.

After several extensions of time for filing a response, on May 25, 2011, Respondent filed a Motion for More Definite Statement, requesting Petitioner set forth which of his five judgments are being challenged by the amended § 2254 petition.   Doc. 25.   By order dated June 21, 2011, this Court denied Respondent's motion for a more definite statement without prejudice to renew the motion or, alternatively, file an answer or other response to the amended § 2254 petition, as previously directed.   Doc. 26.

On June 23, 2011, Respondent filed a Renewed Motion for More Definite Statement.   Doc. 27.   By order dated June 24, 2011, this Court directed Petitioner to file a response to the renewed motion no later than July 29, 2011.   Doc. 28.

On July 15, 2011, Petitioner filed a Reply to Respondent's Request for a More Definite Statement, in which Petitioner indicated that he was placed on probation in November 2006 for charges in case number 2006-CF000705A (possession of

contraband).   Doc. 30, p. 1.   On June 28, 2007, Petitioner admitted guilt in violating four

conditions of his probation and received a five-year sentence.   *Id.*   Also on June 28,

2007, Petitioner entered a no contest plea in five other cases:   **(1)** 07-00271CFA – sale

of controlled substance (Count I) and possession of controlled substance with intent to

sell or deliver (Count II); **(2)** 07-00272CFA – sale of controlled substance (Count I) and

possession of controlled substance with intent to sell or deliver (Count II); **(3)**

07-00273CFA – sale of controlled substance (Count I) and possession of controlled

substance with intent to sell or deliver (Count II); **(4)** 07-00275CFA – sale of controlled

substance (Count I) and possession of controlled substance with intent to sell or deliver

(Count II); and **(5)** 07-00413CFA – possession of a controlled substance.   *Id.* at 1-2.

Petitioner indicated that in the first four cases, the trial court sentenced him to eight (8)

years in prison followed by three (3) years of probation.   *Id.*   In the fifth case, the trial

court "imposed five (5) years."   *Id.* at 2.   Petitioner stated that he filed a motion to

withdraw his "original guilty pleas" in case numbers 07-00271, 07-00273, and 07-00275 –

cases **(1)**, **(3)**, and **(4)**, supra – because such pleas were the product of ineffective

assistance of counsel.   *Id.*   Petitioner indicated that "[t]he judgments convictions and

sentences . . . under attack are" those in cases **(1)**, **(2)**, **(3)**, and **(4)**.   *Id.* at 3.   Petitioner

acknowledged that, for case (2), which is CFA 07-00272, he "has mistakenly omitted

reference to the case number in his state court pleadings" but "has by product of his

arguments implied that the case is under attack."   *Id.* at 3, n.1.   Finally, Petitioner

indicated that case (5) is not being challenged, nor is the judgment entered as a result of

his violation of probation in case number 2006-CF000705A   *Id.* at 3.

By order dated July 25, 2011, this Court granted Respondent's Renewed Motion for More Definite Statement and treated Petitioner's Reply as a more definite statement. Doc. 32.   This Court directed Respondent to file an answer or other response to the amended § 2254 petition (Doc. 8) as previously directed (Doc. 14) no later than September 2, 2011.   *Id.*   This Court further indicated that Petitioner may respond no later than October 3, 2011.   *Id.*

Also on July 25, 2011, Respondent filed a detailed Response to Order to Show Cause and Answer to Amended Petition for Writ of Habeas Corpus.   Doc. 31. Respondent asserts Petitioner's claims are either unexhausted and procedurally defaulted, or lack merit, and attaches exhibits containing relevant documents from the state court proceedings.   *Id.*

On October 7, 2011, Petitioner filed a Motion for Leave to Amend and Notice of Constitutional Question, referencing <u>Shelton v. Secretary of Department of Corrections</u>, 802 F. Supp. 2d 1289 (M.D. Fla. 2011).   Docs. 33 and 34.   By order dated October 20, 2011, this Court denied the motion to amend because it was not accompanied by the proposed second amended § 2254 petition.   Doc. 35.   This Court directed that Petitioner had until December 9, 2011, to either file a motion to amend accompanied by the proposed second amended § 2254 petition or file a reply to Respondent's arguments. *Id.*   Finally, this Court indicated that if Petitioner elected to file nothing, then the amended § 2254 petition remains pending.   *Id.*

Petitioner filed a motion to amend/correct and a motion for an extension of time (Doc. 37), which this Court denied as moot on October 24, 2011, because Petitioner sent these motions before Petitioner received this Court's order dated October 20, 2011.

Doc. 39.   Petitioner has not filed anything else.   Accordingly, this Court now considers

the amended § 2254 petition (Doc. 8), as clarified by the more definite statement (Doc.

30), and the response thereto (Doc. 31).   As explained below, because the amended

§ 2254 petition raises claims that are procedurally barred and lack merit, the petition

should be denied.

### State Court Proceedings

As indicated above, in June 2007, Petitioner entered a straight-up no contest plea

in five cases.   Doc. 30; Doc. 31, Exs. B, C, D, E, and F.   The trial court conducted a plea

colloquy, accepted the plea, adjudicated Petitioner guilty on all charges, and imposed a

sentence on June 28, 2007, of eight (8) years in prison, followed by three (3) years of

probation, on each count in cases (1) through (4), to run concurrently.   Doc. 31, Exs. B,

C, D, E, L.   In case (5), the court sentenced Petitioner to five years in prison, to run

concurrently.   Doc. 31, Ex. F.   Petitioner did not appeal.

On July 25, 2007, Petitioner filed a motion to withdraw his plea, pursuant to Florida

Rule of Criminal Procedure 3.170(*l*); Petitioner filed an amended motion on July 30, 2007.

Doc. 31, Ex. H pp. 1-4, 5-9.   Petitioner indicated that he had informed his attorney that he

wanted to have a trial and asserted his plea was not knowingly and voluntarily entered, as

his "wishes were curtailed and he was led to believe that an 'open plea' with no

agreement to the trial court was in his best interest."   *Id.* at 2.   On September 26, 2007,

the trial court denied this motion.   *Id.* at 10.   The court found the motion and amended

motion facially sufficient; however, the court also found that the record of the plea and the

transcript of the plea hearing, copies of which the court attached to the order, conclusively

refuted Petitioner's allegations.   *Id.*   Petitioner appealed to the First District Court of

Appeal (DCA); however, Petitioner subsequently filed a Motion for Voluntary Dismissal of the Appeal.   Doc. 31, Ex. I.   By order dated June 10, 2008, the First DCA dismissed the appeal for failure to pay the filing fee or file an order of insolvency.   Doc. 31, Ex. J.

On June 27, 2008, Petitioner filed a Motion for Post-Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850.   Doc. 31, Ex. L pp. 1-11.   In this motion, Petitioner indicated he was challenging the judgments in cases (1), (3), and (4).   *Id.* at 2. Petitioner alleged three claims of ineffective assistance of counsel (IAC): (1) Petitioner informed trial counsel he did not commit the offenses and wanted to defend against them, and asked trial counsel to interview the confidential informant (CI) who would have stated Petitioner did not commit the offenses, but counsel advised Petitioner that no defense existed and he should enter a plea; (2) trial counsel erroneously informed Petitioner that he could be convicted of sale of a controlled substance and possession of a controlled substance with intent to sell, based on the same piece of crack cocaine; and (3) when Petitioner told counsel he wanted to go to trial, counsel told Petitioner that if he testified, the details of his prior offense(s) would be presented to the jury.   *Id.* at 3-9.   Petitioner asserted that if counsel had not misadvised him, he would have proceeded to trial and been found not guilty.   *Id.*   By order dated July 7, 2008, the trial court summarily denied the Rule 3.850 motion, finding the motion refuted by the attached record.   Doc. 31, Ex. L pp. 12-13.

Petitioner appealed to the First DCA and filed a pro se brief raising only one point: The trial court abused its discretion in denying the 3.850 motion without attaching specific records conclusively refuting the claims.   Doc. 31, Ex. M at i, 3.   Petitioner argued that his motion was legally sufficient and the trial court erred in failing to specifically address

any of his claims.   *Id.* at 3-4.   Petitioner specifically mentioned, in the argument section,

counsel's alleged failure to interview the CI and the alleged misadvice regarding

questioning at trial about prior offenses.   *Id.* at 4-5.   The State did not file an answer

brief.   Doc. 31, Ex. N.   On February 18, 2009, the First DCA per curiam affirmed the

appeal without opinion.   Doc. 31, Ex. O; <u>Barber v. State</u>, 5 So. 3d 670 (Fla. 1st DCA

2009) (table).   The mandate issued March 17, 2009.   Doc. 31, Ex. P.

In November 2009, Petitioner filed in this Court a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   Doc. 1.   He filed an amended petition on March 18, 2010.

Doc. 8.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254(a), a federal court may grant habeas corpus relief to

a person in state custody "only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States."   Because the instant petition was

filed after April 24, 1996, a more deferential standard applies, under the Anti-Terrorism

and Effective Death Penalty Act of 1996 (AEDPA).   Pub. L. 104-132, § 104, 110 Stat.

1214, 1218-19.   Relevant portions of § 2254 as amended by AEDPA provide:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> unless it appears that—
>
>  (A) the applicant has exhausted the remedies available in the courts of
>    the State; or
>
>  (B)  (i) there is an absence of available State corrective process; or
>      (ii) circumstances exist that render such process ineffective to
>      protect the rights of the applicant.
>
>   (2) An application for a writ of habeas corpus may be denied on the
>   merits, notwithstanding the failure of the applicant to exhaust the remedies

available in the courts of the State.

   (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"The inquiry mandated by the amendment [enacted as part of AEDPA] relates to the way in which a federal habeas court exercises its duty to decide constitutional questions." Williams v. Taylor, 529 U.S. 362, 378 (2000).   A federal court may not grant a state prisoner's habeas petition "unless the relevant state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"   Knowles v. Mirzayance, 556 U.S. 111, 121 (2009); see 28 U.S.C. § 2254(d)(1).

   In the amended § 2254 petition, Petitioner asserts three grounds, all of which allege ineffective assistance of counsel (IAC) and all of which were raised in his Rule 3.850 motion, the state trial court's denial of which was affirmed by the First DCA without

opinion.   Doc. 8; Doc. 31, Ex. L at 1-13, Ex. O; <u>Barber v. State</u>, 5 So. 3d 670 (Fla. 1st

DCA 2009) (table).   Specifically, Petitioner asserts trial counsel rendered ineffective

assistance (1) resulting in his entry of a coerced, involuntary, and unknowing plea even

though he is innocent of the charges and wanted to proceed to trial; (2) for failing to

investigate, interview, or obtain a sworn statement from the CI, who would have recanted

statements to law enforcement that Petitioner was involved in drug transactions; and (3)

for failing to challenge or object to the sentence imposed, by asserting that convictions for

sale of a controlled substance and possession of the same controlled substance with

intent to sell or deliver violate double jeopardy.   Doc. 8.

In the Reply to Respondent's Request for a More Definite Statement, Petitioner

agrees that case (5) is not being challenged.   Doc. 30, p. 3.   Further, Petitioner

acknowledges that he "mistakenly omitted reference to" case (2) in his state court

pleadings.   *Id.* at n.1.   Petitioner has thus failed to exhaust any claims concerning case

(2) because he did not provide the state courts an opportunity to consider them, resulting

in a procedural default as Petitioner can no longer file a timely Rule 3.850 motion for that

case.   *See* 28 U.S.C. §§ 2254(b)(1), (c); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 839

(1999) ("Federal habeas relief is available to state prisoners only after they have

exhausted their claims in state court."); <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995)

(explaining long-standing prerequisite for filing federal habeas corpus petition is

exhaustion of state court remedies and, to properly satisfy exhaustion requirement,

petitioner must "fairly present" each claim in each appropriate state court).   Accordingly,

the IAC claims before this Court concern only cases (1), (3), and (4).[2]

The threshold question under AEDPA is whether Petitioner seeks to apply a rule of

law that was clearly established at the time his state court convictions became final.   *See*

Williams, 529 U.S. at 390.   As Petitioner contends he was denied his constitutionally

guaranteed right to the effective assistance of counsel, the threshold question "is easily

answered because the merits of his claim are squarely governed by [the] holding in

Strickland v. Washington, 466 U.S. 668 . . . (1984)."   Williams, 529 U.S. at 390.

In Strickland, the U.S. Supreme Court adopted a two-part test for IAC claims:

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel was
> not functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment.   Second, the defendant must show that the deficient
> performance prejudiced the defense.   This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

466 U.S. at 687.   To demonstrate ineffectiveness, a "defendant must show that counsel's

performance fell below an objective standard of reasonableness."   *Id.* at 688.   To

demonstrate prejudice, a defendant "must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different."   *Id.* at 694.   "A reasonable probability is a probability sufficient to undermine

confidence in the outcome."   *Id.*

The Strickland test applies to IAC claims arising out of the plea process.   Hill v.

Lockhart, 474 U.S. 52, 57-58 (1985).   When a defendant has entered a plea while

---

[2] Even if this Court considers the IAC claims as to case (2), the Court would dispose of such claims in the
same way as those for cases (1), (3), and (4).

represented by counsel, as here, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"   *Id.* at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).   "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.'"   *Id.* at 56-57 (quoting Tollett v. Henderson, 411 U.S. 258 (1973)).   That a plea is one of nolo contendere, as here, rather than guilty, does not warrant a different analysis for purposes of habeas corpus. *See* North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); *see also* Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (explaining that "[u]nder Florida law, a plea of nolo contendere is equivalent to a plea of guilty").

For pleas, the first part of the Strickland test "is nothing more than a restatement of the standard of attorney competence" set forth in Tollett and McMann.   Hill, 474 U.S. at 58-59.   The test's second part, the prejudice requirement, in the plea context, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."   *Id.* at 59.   "In other words, to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."   *Id.*

"If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'"   Tollett, 411 U.S. at 266 (quoting McMann, 397 U.S. at 771).   Further, a defendant who enters a plea may not raise claims relating to alleged deprivations of constitutional rights that occurred prior to entry of the plea, but rather such a defendant

may only attack the voluntariness of the plea by showing counsel's advice fell below the

McMann standard:

> [A] guilty plea represents a break in the chain of events which has preceded
> it in the criminal process.   When a criminal defendant has solemnly
> admitted in open court that he is in fact guilty of the offense with which he is
> charged, he may not thereafter raise independent claims relating to the
> deprivation of constitutional rights that occurred prior to the entry of the
> guilty plea.   He may only attack the voluntary and intelligent character of
> the guilty plea by showing that the advice he received from counsel was not
> within the standard set forth in McMann.

Tollett, 411 U.S. at 267.

For this Court's purposes, importantly, "[t]he question 'is not whether a federal

court believes the state court's determination' under the Strickland standard 'was

incorrect but whether that determination was unreasonable – a substantially higher

threshold.'" Knowles, 556 U.S. at 123 (quoting Schiro v. Landrigan, 550 U.S. 465, 473

(2007)).   "And, because the Strickland standard is a general standard, a state court has

even more latitude to reasonably determine that a defendant has not satisfied that

standard."   Id.   It is a "doubly deferential judicial review that applies to a Strickland claim

evaluated under the § 2254(d)(1) standard."   Id.

Here, the relevant state court decision is the First DCA's per curiam affirmance,

without opinion, of the trial court's summary denial of Petitioner's Rule 3.850 motion.   In

reviewing the reasonableness of the state court's determination, which in this case

involves no written opinion, this Court focuses "on the ultimate legal conclusion that the

state court reached and not on whether the state court considered and discussed every

angle of the evidence."   Gill v. Mecusker, 633 F.3d 1272, 1290 (11th Cir. 2011).   "[T]he

only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Id.*

Ground 1:   IAC Resulting in Involuntary Plea

First, Petitioner asserts his trial counsel provided him with misadvice which resulted in a plea that was not knowingly and voluntarily entered.   Doc. 8, at p. 4, 5. Petitioner states he repeatedly told trial counsel he was innocent and intended to proceed to trial.   *Id.* at 5.   Petitioner told trial counsel the CI used by state law enforcement had lied, and Petitioner was not the individual involved in the alleged illegal drug transactions. *Id.*   Petitioner asked defense counsel to locate the CI and told counsel the CI was willing to testify Petitioner was not the individual responsible.   *Id.* at 6, 7.   Petitioner states that trial counsel repeatedly told him he had no defense, it was in his best interest to enter a straight-up plea, and if he went to trial and lost, he would receive the maximum sentence. *Id.* at 5-6.   Petitioner asserts this misadvice and conduct by trial counsel constitutes ineffective assistance under <u>Strickland</u> and <u>Hill</u>, and rendered his plea involuntary and invalid.   *Id.* at 6-9.   Petitioner asserts that but for this alleged ineffective assistance of counsel, he would have proceeded to trial and been exonerated.   *Id.* at 10.

Petitioner raised this ground in his Rule 3.850 motion.   Doc. 31, Ex. L at 3.   The state trial court summarily denied that motion, finding Petitioner's claim conclusively refuted by the attached record of the plea colloquy.   *Id.* at 12-13.   On appeal, the First DCA affirmed the trial court's order without an opinion.   Doc. 31, Ex. O; <u>Barber v. State</u>, 5 So. 3d 670 (Fla. 1st DCA 2009) (table).   In reviewing the reasonableness of the state court's determination, which in this case involves no written opinion, this Court focuses "on the ultimate legal conclusion that the state court reached and not on whether the state

court considered and discussed every angle of the evidence." Gill v. Mecusker, 633 F.3d 1272, 1290 (11th Cir. 2011). "[T]he only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Id.*

Petitioner alleges trial counsel was ineffective for failing to adequately prepare and research exculpatory testimony and evidence. Petitioner does not attach an affidavit from the CI. Petitioner does not assert he was unaware of this potential defense at the time he entered his plea; in fact, Petitioner asserts that before he entered his plea, he told counsel about the CI and about his desire to proceed to trial. Notwithstanding this, Petitioner entered the plea anyway.

Further, Petitioner's signature on the plea forms and statements at the plea hearing indicate that, among other things, Petitioner was satisfied with his attorney, understood any possible defenses and the potential sentence, understood he was waiving the right to proceed to trial, and believed the plea was in his best interest. Doc. 31, Exs. B, D, E; L at 29. Specifically, on the plea form signed by Petitioner for each case, Petitioner agreed to the following provisions among others:

> (2) I understand that a plea of not guilty denies my guilt, a plea of guilty admits my guilty [sic], and a plea of no contest means that I will not contest the evidence against me. I also understand that if the Judge accepts this plea of guilty or no contest, there will be no trial and that I will be sentenced based on my plea.
>
> (3) I understand the nature of the charges to which I am pleading and I am aware of the maximum and minimum penalties. My lawyer has informed me of the facts the State would have to prove before I could be found guilty and discussed with me any possible defenses that could be raised in my case. I am satisfied with my lawyers [sic] advice and help.
>
> (4) I understand that if the Judge accepts this plea, I give up the right to a trial, the right to require the State to prove the charge against me beyond a reasonable doubt, the right to have a jury decide whether I am guilty or not

guilty, the right to see and hear the witnesses against me and to have my lawyer question them, the right to subpoena and present witnesses or other evidence or any defenses I may have, and to testify or remain silent as I choose.

(5)   I understand that be [sic] pleading guilty or no contest, I am giving up the right to appeal all matters relating to the final judgment, including the issue of my guilty [sic] or innocence.   If the Judge accepts this plea, the only issues I will be able to appeal are those relating to my sentence and the Judge's authority to hear my case. . . .

. . . .

(8)   I have read this entire form carefully, front and back, and I understand all of the rights and duties explained in this form.

. . . .

I state to the Court that I am not under the influence of drugs or alcohol, that no one forced or threatened me to enter this plea, and that I am entering this plea freely and voluntarily.   I acknowledge that I am entering this plea because I believe it is in my best interest.

Doc. 31, Ex. B.

In addition, at the plea and sentencing hearing, Petitioner stated to the trial judge that he wished to enter a plea.   Doc. 31, Ex. L at 26-27.   The judge explained that Petitioner had the right to a jury trial where the State would be required to prove the elements of the offenses beyond a reasonable doubt, and Petitioner stated that he understood.   *Id.* at 28.   The colloquy continued:

THE COURT:   And when you have your trial . . . you'd have a number of constitutional rights that would be afforded to you, including the right to have your attorney challenge any evidence against you, cross-examine any witnesses brought against you, you'd have the right to call witnesses on your behalf, present evidence that would be favorable to you in your case, you could testify in your own defense in any of these cases, but you couldn't be forced to testify under the Fifth Amendment of the Constitution.   You, also, when you enter your pleas in these cases, you're giving up your right to contest the convictions in the case.   You're basically saying, Judge, I'm

guilty of these offenses, I don't want a trial and, therefore, you don't have a right to appeal in that circumstance.   Do you understand that?

THE DEFENDANT:   Yes, sir.

THE COURT:   . . . Understanding that the plea that you're entering here today, or pleas that you're entering here today, Mr. Barber, give up all of your rights to all of those trials and those rights that I just talked, after discussing it with [defense counsel], do you believe it's in your best interest to enter these pleas and give up all of those rights?

THE DEFENDANT:   Yes, sir.

THE COURT:   Has anyone forced or threatened or pressured you in any way to get you to come in and give up those rights and enter these pleas?

THE DEFENDANT:   No, sir.

THE COURT:   Has anybody promised anything to you to get you to do so?

THE DEFENDANT:   No, sir.

THE COURT:   Are you satisfied with the legal advice that you've received from Ms. Moody [defense counsel] in connection with all of your cases?

THE DEFENDANT:   Yes, sir.

THE COURT:   And, sir, is this your signature here on the back of the plea form?

THE DEFENDANT:   Yes, sir.

THE COURT:   Did you have an opportunity, sir, to read the form or have it explained to you?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you believe you understand everything in the plea form?

THE DEFENDANT:   Yes, sir.

*Id.* at 28-30.   The judge questioned Petitioner about whether he understood that, based

upon entry of the pleas, he could be sentenced to up to 15 years on each of the eight (8)

different crimes, up to 120 years; Petitioner indicated he understood and felt it was in his best interest to enter the pleas.   *Id.* at 30.   Counsel stipulated to the factual basis for the charges, and the judge found, based on that stipulation and his review of the probable cause affidavits, the factual basis supported the charges to which Petitioner entered pleas.   *Id.* at 31.   The probable cause affidavits indicate the controlled buys were recorded by video surveillance; according to the narrative on those affidavits, the investigating officer positively identified Tony Barber as the subject on the video.   Doc. 31, Exs. B, D, E.   *Id.*   The judge found the pleas entered freely, voluntarily, knowingly, and intelligently, and that Petitioner was satisfied with the legal advice he had received; the judge accepted the pleas.   *Id.*   Given these circumstances, Petitioner's allegations that his plea was not knowing and voluntary lack merit.   *See* Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.   Solemn declarations in open court carry a strong presumption of verity.   The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *see also* Stano v. State, 520 So. 2d 278, 279-80 (Fla. 1988) (affirming summary denial of Rule 3.850 motion and agreeing with trial court's finding:   "Once the Defendant enters a plea of guilty before this Court, and assures the Court under oath that the plea is voluntary, the Court will not go behind the plea.   The plea cuts off inquiry into all that precedes it.   The Defendant is barred from contesting events happening before the plea."); Davis v. State, 938 So. 2d 555, 556-57 (Fla. 1st DCA 2006) (affirming denial of Rule 3.850 motion and

explaining appellant "does not and cannot assert he was unaware of counsel's alleged

deficiency at the time he entered his plea . . . where he concedes he was well aware of his

counsel's deficiencies prior to the entry of his plea" and where he made sworn allegations

at plea colloquy that he was satisfied with his attorney's services).   Petitioner has not

shown that counsel's alleged ineffective assistance affected the outcome of the plea

process.   *See* Hill, 474 U.S. at 58-59; Tollett, 411 U.S. at 267.   Under the deferential

review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard,

Petitioner's IAC claim fails.   It was not unreasonable for the state court to conclude that

his defense counsel's performance was not deficient.   *See* Knowles, 556 U.S. at 123

("[T]his Court has never required defense counsel to pursue every claim or defense,

regardless of its merit, viability, or realistic chance for success.").   This Ground should be

denied.

### Ground 2:   IAC for Failure to Investigate Witness

In the second ground, Petitioner asserts trial counsel failed to investigate,

interview, or obtain a sworn statement from the CI.   Doc. 8, at pp. 4, 11.   Petitioner

asserts he told trial counsel this witness was available and would have provided

exculpatory testimony.   *Id.* at 11-12.   Petitioner asserts counsel should have conducted

an independent investigation and the failure to do so constitutes ineffective assistance.

*Id.* at 12.   Petitioner asserts he raised this claim in his Rule 3.850 motion and the state

court's denial of that motion is not supported by the attachments to the court's order.   *Id.*

at 13.   Petitioner asserts that but for counsel's errors, he would not have entered the plea

and would have gone to trial.   *Id.* at 13-14.   Petitioner asserts that if the CI had testified

at trial, there is a reasonable probability the jury would have acquitted him.   *Id.* at 14-15.

This ground appears substantially similar to Ground 1.   To the extent Petitioner

raises a separate challenge here to trial counsel's alleged ineffectiveness for failure to

investigate the CI as a potential witness, such claim lacks merit.   As with Ground 1,

Petitioner indicates he was aware of this witness, and also aware of any failure by counsel

to investigate this witness, prior to entry of his plea.   Thus, Petitioner's IAC claim fails

because he cannot show there is a reasonable probability that defense counsel's

allegedly ineffective performance affected the outcome of the plea process.   *See* Hill,

474 U.S. at 58-59; Tollett, 411 U.S. at 267; Stano, 520 So. 2d at 279-80; Davis, 938 So.

2d at 556-57.   It was not unreasonable for the state court to conclude that his defense

counsel's performance was not deficient.   *See* Knowles, 556 U.S. at 123 ("[T]his Court

has never required defense counsel to pursue every claim or defense, regardless of its

merit, viability, or realistic chance for success.").   This Ground should be denied.

Ground 3:   IAC for Failure to Seek Dismissal on Basis of Double Jeopardy

In the third and final ground, Petitioner asserts trial counsel failed to challenge or

object to the sentence imposed, which violates the constitutional prohibition against

double jeopardy.   Doc. 8, at 16, 17.   Petitioner asserts he spoke with counsel before he

entered his plea about whether he could legally be convicted of both sale of a controlled

substance and possession of a controlled substance, for the same piece of crack

cocaine.   *Id.* at 17.   Based on counsel's reply, Petitioner entered his plea.   *Id.*   After his

conviction, Petitioner learned counsel's advice was incorrect and Petitioner could not

lawfully be convicted of both counts for the same piece of crack cocaine.   *Id.*   Petitioner

asserts that counsel's failure to advise him of the double jeopardy defense before he

entered his plea constitutes IAC and, if counsel had correctly advised him, Petitioner

would not have entered his plea and would have proceeded to trial.   *Id.* at 18.   Petitioner

further asserts that if counsel had raised this challenge, Petitioner would have received a

lesser sentence.   *Id.*   Petitioner asserts that given this deficient performance of counsel,

he did not enter his plea willfully or voluntarily.   *Id.* at 19.

Respondent argues this claim is procedurally barred because, although the claim

was raised in the Rule 3.850 motion, Petitioner did not specifically raise or mention it in

the brief he filed on appeal from the denial of his Rule 3.850 motion.   *See* Watson v.

State, 975 So. 2d 572, 574 (Fla. 1st DCA 2008).   In that pro se brief, as indicated above,

Petitioner raised only one point:   The trial court abused its discretion in denying the 3.850

motion without attaching specific records conclusively refuting the c laims.   Doc. 31, Ex.

M at i, 3.   Petitioner argued that his motion was legally sufficient and the trial court erred

in failing to specifically address any of his claims.   *Id.* at 3-4.   Petitioner specifically

mentioned, in the argument section of the brief, the alleged failure to interview the CI and

the alleged misadvice regarding questioning at trial about prior offenses; however,

Petitioner did not reference at all the failure to challenge or object to the sentence which

he alleges violates double jeopardy.   *Id.* at 4-5.

Even assuming Petitioner is not procedurally barred from raising this claim in the

instant § 2254 petition, the claim lacks merit.   Contrary to Petitioner's argument, a

defendant can be convicted of possession and sale of the same quantum of contraband

and such dual convictions do not violate principles of double jeopardy.   State v.

McCloud, 577 So. 2d 939, 940 (Fla. 1991).   Accordingly, it was not unreasonable for the

state court to conclude that his defense counsel's performance was not deficient.   *See*

Knowles, 556 U.S. at 123 ("[T]his Court has never required defense counsel to pursue

every claim or defense, regardless of its merit, viability, or realistic chance for success."). This Ground should be denied.

## Conclusion

Based on the foregoing, the state court's rejection of Petitioner's claims was not contrary to, and did not involve an unreasonable application of, clearly established federal law.   Petitioner is not entitled to federal habeas relief and the amended § 2254 petition (Doc. 8) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).   Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:   "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed. R. App. P.

24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner's amended § 2254 petition (Doc. 8).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 7th, 2012.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.   A party may respond to another party's objections within 14 days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**